UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-147 |
| | ) | (VARLAN/GUYTON) |
| JEFFERSON BIVINGS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court for consideration of the following motions: Defendant's Motion for Release of Brady Materials [Doc. 73], Defendant's Motion for Pre-Trial Notice of Government's Intent to Use Evidence [Doc. 74], Defendant's Motion for Discovery and Inspection [Doc. 75], Defendant's Motion for Pre-Trial Notice of Government's Intent to Use 404(b)-type Evidence [Doc. 76], Defendant's Motion in Limine regarding Defendant's Prior Convictions [Doc. 77], and Defendant's Second Motion for Release of Brady Materials [Doc. 106]. Neither the defendant nor the government wished to have a hearing on these motions.

### **Defendant's Motion for Release of Brady Materials**

Defendant's Motion [Doc. 73] requests subscriber information for three phone lines. Defendant avers this information falls with the ambit of Brady. The government responded [Doc. 99] that this motion is now moot because the government has provided Defendant with information pertaining to two of the three phone lines and will provide the third upon receipt. Based upon the

parties briefs and averments therein, Defendant's Motion for Release of Brady Materials [Doc. 73] is **DENIED as moot**.

**Defendant's Motion for Pre-Trial Notice of Government's Intent to Use Evidence**

Defendant's Motion [Doc. 74] moves the Court to enter an Order directing the government to provide Defendant with written notice of all evidence Defendant may be entitled to discover under Rule 16 that the government intends to use in its case-in-chief at trial. The government opposes Defendant's motion. [Doc. 96]. In support thereof, the Government states that it has complied with the Court's Order on Discovery and Scheduling [Doc. 30] and Rules 12(b)(4)(B) and 16.

Indeed, the Court's Order on Discovery and Scheduling provides for disclosure of materials which are discoverable under Rule 16. [Doc. 30, ¶¶ A, B]. Accordingly, this Court has already ruled upon this issue, and Defendant's Motion for Pre-Trial Notice of Government's Intent to Use Evidence [Doc. 74] is **DENIED as moot**.

**Defendant's Motion for Discovery and Inspection**

Defendant's Motion [Doc. 75] moves the Court to enter an Order, pursuant to Rule 16(a)**,** directing the government to provide Defendant with: (1) the substance of any oral statement made by Defendant before or after his arrest; (2) any written or recorded statements made by Defendant; (3) access to any books, papers, documents, data, photographs, or other tangible objects the government intends to use at trial; and (4) a written summary of any testimony the government intends to use under Rules 702, 703, or 705 during trial. The government responded [Doc. 94] by stating that it has complied with all of Defendant's requests except for the fourth, a request for a written summary of any testimony the government intends to use under Rules 702, 703, or 705

during trial. In response to this fourth request, the government states that Paragraph L of the Order on Discovery and Scheduling [Doc. 30] requires this material three weeks prior to trial. The government further stated its intent to comply with this Court's Order.

As the government has already complied with three of the Defendant's requests and the fourth request is covered in the Order on Discovery and Scheduling, Defendant's Motion for Discovery and Inspection [Doc. 75] is **DENIED as moot**.

**Defendant's Motion for Pre-Trial Notice of Government's**

**Intent to Use 404(b)-type Evidence**

Defendant's Motion [Doc. 76] moves the Court to enter an order directing the government to provide Defendant with written notice of any evidence of other crimes, wrongs, or acts that the government intends to introduce at trial. The government responded [Doc. 95] by noting that it has agreed to comply with the Court's Order on Discovery and Scheduling [Doc. 30], which provides in Paragraph I that "any disclosure of expert information required by Rule 16(a)(1)(G), Fed.R.Cr.P, shall be made by the government at least three (3) weeks before trial." The government further responded by detailing two instances the government intends to use in its case-in-chief.

The Court notes that the government has agreed to comply with the Order on Discovery and Scheduling and has already provided at least some prior instances that it intends to use in its case-in-chief, which demonstrates its compliance with the Order. Accordingly, Defendant's Motion for Pre-Trial Notice of Government's Intent to Use 404(b)-type Evidence [Doc. 76] is **DENIED as moot.**

**Defendant's Motion in Limine regarding Defendant's Prior Convictions**

Defendant's Motion [Doc. 77] moves the Court to enter an order prohibiting the introduction of evidence of Defendant's prior convictions until such time as the Court determines on the record and out of the jury's presence that the probative value of such evidence outweighs its prejudicial effect. The government responded [Doc. 97] that it does not generally oppose Defendant's request, but that it does not want Defendant relieved of his duty to object at trial.

The Court finds Defendant's Motion in Limine regarding Defendant's Prior Conviction [Doc. 77] to be well-taken and it is **GRANTED**, except that it does not relieve Defendant of his duty to object at trial.

**Defendant's Second Motion for Release of Brady Materials**

Defendant's Motion [Doc. 106] moves the Court to enter an order directing the government to provide Defendant with three phones' periods of activation prior to trial. In support thereof, Defendant claims the information meets Brady requirements. The government responded [Doc. 107] on March 29, 2007, by stating that it would request the materials and provide them to Defendant upon receipt. Based upon this representation, Defendant's Second Motion for Release of Brady Materials [Doc. 106] is **DENIED as moot**.

**Conclusion**

Accordingly, the Court finds that:

(1) Defendant's Motion for Release of Brady Materials [Doc. 73] is **DENIED as moot**;

(2) Defendant's Motion for Pre-Trial Notice of Government's Intent to Use Evidence [Doc. 74] is **DENIED as moot**.;

(3) Defendant's Motion for Discovery and Inspection [Doc. 75] is **DENIED as moot**;

(4) Defendant's Motion for Pre-Trial Notice of Government's Intent to Use 404(b)-type Evidence [Doc. 76] is **DENIED as moot**;

(5) Defendant's Motion in Limine regarding Defendant's Prior Conviction [Doc. 77] is **GRANTED**, but it does not relieve Defendant of his duty to object at trial; and

(6) Defendant's Second Motion for Release of Brady Materials [Doc. 106] is **DENIED as moot**.

**IT IS SO ORDERED.**

          **ENTER:**


          　s/ H. Bruce Guyton　
         United States Magistrate Judge