UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CR-147 |
| | ) | (VARLAN/GUYTON) |
| JEFFERSON L. BIVINGS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This criminal action is before the Court on defendant's Motion [Doc. 360], in which he requests an order allowing him to review and, if necessary, copy, the offense level computations and criminal history sections of the Presentence Investigation Reports of his co-defendants, as well as the motions for downward departure filed by the government in connection with the sentencing of his co-defendants. The government has filed a response [Doc. 362] objecting to the release of defendant's co-defendant's offense level computations and criminal history sections of the presentence investigation reports and their motions for downward departure. Defendant filed a reply [Doc. 365].

Presentence Investigation Reports are confidential. Each report states that "The Presentence Investigation Report is a privileged court document. It may not be duplicated, shared, quoted, or its contents otherwise released without specific court authorization." As a general rule, "some showing of special need" is required before a district court should release a Presentence Investigative Report to a third party. *U.S. Dep't of Justice v. Julian*,

486 U.S. 1, 12 (1988); *United States v. Shyres*, 898 F.2d 647, 656 (8th Cir.1990); *United States v. Gomez*, 323 F.3d 1305, 1308-09 (11th Cir.2003) (per curiam). The standard for determining whether to release a presentence report has "been analogized to the standards governing the release of grand jury materials due to a particular presumption against release of those materials to third parties." *Gomez*, 323 F.3d at 1307 n.3 (citing *United States v. Huckeby*, 43 F.3d 135, 138 (5th Cir. 1995)); *United States v. Corbitt*, 879 F.2d 224, 238-39 (7th Cir. 1989); *United States v. Charmer Indus., Inc.*, 711 F.2d 1164, 1177 (2d Cir. 1983). To warrant release, "[p]arties seeking grand jury materials 'must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only the material so needed." *Gomez*, 323 F.3d at 1308-09 (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211 (1979)).

Defendant has not shown that the material he seeks is needed to avoid possible injustice to overcome the presumption against release. Although some of the information contained in the requested documents may be useful to defendant in preparing his argument regarding sentencing disparities, much the relevant information is also available in the public record through his co-defendants' judgments. In fact, defendant has demonstrated that much of the information is available by citing the criminal history of many of his co-defendants in his sentencing memorandum. Additionally, the value of this information, and thus the need for it, is not as strong as defendant argues it is because "[s]ubsection 3553(a)(6) [dealing with unwarranted disparities] is concerned with national disparities among the many defendants

2

with similar criminal backgrounds convicted of similar criminal conduct." *United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008) (quoting *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir.2007)); *see also United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008). The Court may also consider disparities between co-defendants, but it is not required to do so. *Presley*, 547 F.3d at 631. Thus, defendant's need for the disclosure does not outweigh the need for continued confidentiality of the reports.

For the reasons stated herein, defendant's Motion [Doc. 360] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

3