UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JEFFERSON L. BIVINGS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos.: 3:06-CR-147-TAV-HBG-8 3:16-CV-173-TAV |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 437]. The United States responded in opposition on May 24, 2016 [Doc. 443]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. Also before the Court is a pro se motion to "seal [the] case" [Doc. 446]. For the reasons below, Petitioner's motion to seal will be **DENIED** and § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

In 2008, Petitioner pled guilty to conspiring to distribute at least five kilograms of cocaine and at least one hundred kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Docs. 189, 253]. He faced a statutory mandatory minimum penalty of life imprisonment as the result of a prior federal conviction for conspiring to possess cocaine with intent to distribute and two prior Georgia convictions for possessing cocaine with intent to distribute [Docs. 127, 189; Presentence Investigation Report (PSR) ¶ 60]. Based on those same offenses, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [PSR ¶¶ 27, 33, 37, 39]. After

granting the United States' motion for downward departure under 18 U.S.C. § 3553(e), this Court sentenced Petitioner to 200 months' imprisonment on May 29, 2009 [Doc. 370].

No direct appeal was taken and, as a result, Petitioner's conviction became final for purposes of § 2255(f)(1) on June 12, 2009, at expiration of time to file the same. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within [fourteen]-days after . . . the entry of . . . judgment."). The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant petition for collateral relief less than one year later on April 14, 2016 [Doc. 437 (challenging his career offender enhancement in light of the *Johnson* decision)].

## II.     TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made

retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because the *Johnson* decision has no impact on Petitioner's case.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the

3

Case 3:06-cr-00147-TAV-HBG   Document 449   Filed 01/18/17   Page 3 of 7   PageID #: 2437

proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**IV.   ANALYSIS**

Petitioner articulates a single ground for relief, arguing that the *Johnson* decision removed his drug offenses from Section 4B1.2's definition of "crime of violence" and, as a result, that he lacks sufficient predicate offenses for career offender enhancement [Doc. 437].

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses.

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled

4

substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Docs. 437].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2(a) or as "controlled substance offenses" under Section 4B1.2(b). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions— elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause. Specifically, all three prior drug convictions—the federal offense and both Georgia offenses—involved the

5

possession of a controlled substance with intent to distribute and carried a maximum penalty in excess of one year incarceration [PSR ¶¶ 33, 37, 39]. As a result, all three of the convictions were properly classified as predicate offenses under Section 4B1.1(a)(3). *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses). The Court finds that he has failed to demonstrate an entitlement to collateral relief; the petition will be denied.

## V.     REQUEST TO "SEAL" PETITIONER'S CASE

In addition to challenging his career offender enhancement, Petitioner requests that this Court "seal" the instant civil action in accordance with the terms of his plea agreement [Doc. 446]. As support for the request, Petitioner claims that he and the United States stipulated that his "case would remain under seal" as part of the plea agreement and suggests media coverage of both the criminal action and instant collateral challenge have "caused a lot of problems" [*Id.*].

The request will be denied for two reasons. First, review of Petitioner's plea agreement reveals no such stipulation [Doc. 189]. To the contrary, each of the filings that are currently under seal were rendered so in accordance with specific requests [Docs. 195, 349]. Second, even if such an agreement did exist, it would not apply in the current context as a result of the fact that Petitioner's § 2255 motion operates as an intendent and distinct civil case.

## VI.    CONCLUSION

For the reasons discussed above, Petitioner's motion to seal [Doc. 446] will be **DENIED** and § 2255 motion [Doc. 437] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to

6

make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE